IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PARKER, #275050, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-407-ECM |
| | ) | |
| CANDACE COBB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff Shaquille Parker ("Plaintiff") is a *pro se* inmate in the custody of the Alabama Department of Corrections. On June 18, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice based on the Plaintiff's abuse of the judicial process. (Doc. 4). The Plaintiff timely filed objections to the Recommendation. (Doc. 5). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with

instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Magistrate Judge recommends dismissal of this action without prejudice because, in the Section labeled "Previous Lawsuits" within his complaint (doc. 1), the Magistrate Judge found that the Plaintiff knowingly made a false representation when he marked "No" when asked if he had "begun other lawsuits in state or federal court relating to [his] imprisonment." (*Id.* at 1). In fact, the Plaintiff had filed multiple earlier lawsuits relating to his imprisonment. (*See* doc. 4 at 2 n.1 (collecting cases)). The Plaintiff objects to the finding that he knowingly made a false representation because, according to him, he misunderstood the relevant question on the complaint form and interpreted it as asking whether he had filed any previous lawsuits which remain pending, and he answered "No" because he does not have any other lawsuits pending. On this record, the Court finds the Plaintiff's explanation not credible. The relevant question makes no reference to a pending

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

lawsuit; thus, the Court finds the Plaintiff's *post hoc* "explanation" insufficient to support a finding that he simply made an honest error. Consequently, the Plaintiff's objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 5) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 4) is ADOPTED, and this case is DISMISSED without prejudice;

3. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 5th day of February, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE